MICHAEL J. MOREN and ELIZABETH MOREN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moren v. Commissioner
Docket No. 3922-81
United States Tax Court
T.C. Memo 1983-344; 1983 Tax Ct. Memo LEXIS 445; 46 T.C.M. (CCH) 445; T.C.M. (RIA) 83344; June 13, 1983. Michael J. Moren, pro se. Mark S. Priver, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned to and heard by Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *446 OPINION OF THE SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: Respondent determined a deficiency in petitioners' 1978 Federal income tax in the amount of $2,961. After concessions by the parties, the only issue is whether petitioners are entitled to an educational expense deduction under section 162 for the cost of flight training courses for which petitioner Michael J. Moren (petitioner) received nontaxable reimbursement from the Veterans' Administration. All of the facts have been stipulated and are found accordingly. Petitioner and his wife resided in San Pedro, California at the time the petition was filed in this case. They timely filed a joint Federal income tax return for the year 1978. During 1978 petitioner was employed by the Federal government as a special agent pilot with the Drug Enforcement Administration. During 1978 petitioner incurred expenses of $6,812 for flight training to improve his skills for flying jet aircraft. Petitioner enrolled in the flight training program because he was eligible for veterans' benefit payments which would pay a substantial part of the educational expenses. After completion of the training, petitioner received *447 $5,998.50 from the Veterans' Administration as a reimbursement for the flight training expenses incurred during 1978. Because such allowances are tax exempt, petitioner excluded the amount received from the Veterans' Administration from income. However, petitioner claims he is entitled to deduct the full amount paid for flight training. In the notice of deficiency, respondent disallowed all of the educational expenses. Respondent now agrees that only the educational expenses that were reimbursed by the Veterans' Administration should have been disallowed. Respondent has disallowed the educational expense deduction solely on the ground that the expense is allocable to tax exempt income and is therefore not deductible under section 265. Petitioner contends that the reimbursed amount should be deductible since at the time the expense was incurred it was respondent's position that educational expenses were deductible even though the taxpayer was reimbursed by the Veterans' Administration for such expenses. In essence, petitioner argues that respondent should be estopped from making a retroactive change in his legal position. At the trial of this case, petitioner stated he was *448 aware of the Court's holding with regard to this issue in Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir. Sept. 20, 1982). Petitioner was also aware that since Manocchio is indistinguishable from this case, the Court would sustain respondent's position. Accordingly, respondent is sustained on the issue before the Court. To reflect respondent's concession that the unreimbursed educational expenses are deductible by petitioners, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.